UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TYRONE DOUGLAS DAVIS                                                PLAINTIFF

VERSUS                              CIVIL ACTION NO. 1:07CV1253-LG-RHW

SHERRY ROBINSON                                                 DEFENDANT

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

This matter comes before the Court on Petitioner Tyrone Douglas Davis' 28 U.S.C. § 2254 petition for writ of habeas corpus.  Petitioner contends that the MDOC improperly calculated his sentence and that, as a result, he is incarcerated beyond the term of his sentence.  The undersigned initially recommended that the § 2254 petition be denied as time barred by the AEDPA's one-year limitation period.  In his petition, Davis argued that the MDOC failed to give him an 18-month credit for time served when it calculated his prison sentence.  The district court found this issue to be timely raised and remanded the issue to the undersigned for further consideration.

The Court allowed for additional briefing on the following issues:  (1) whether Petitioner has exhausted state remedies;  and (2) whether, as a factual matter, the MDOC correctly calculated Petitioner's sentence based on the State court Order of August 9, 2006.  Respondent filed a [40] supplemental response on July 31, 2008.  Thereafter, Petitioner filed what he styled a [43] Motion to Amend Petition for Writ of Habeas Corpus.  The undersigned construes Petitioner's [43] motion and subsequent [46] reply as arguments in support of his original petition.

In its supplemental response, Respondent argues that Petitioner did not exhaust the instant claim in state court, as required by § 2254(b).  A petitioner must exhaust all available state remedies before he may obtain federal habeas relief.  *Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995).  The exhaustion requirement is satisfied when the substance of the federal habeas claim has been presented to the highest state court.  *Smith v. Dretke*, 422 F.3d 269, 275 (5th Cir. 2005).

The appropriate avenue for challenging the calculation of Petitioners sentence would be for Petitioner first to file a grievance with the Administrate Remedy Program (ARP).  *See* Miss. Code Ann. § 47-5-801.  Petitioner did in fact file an ARP grievance on October 17, 2007, challenging the calculation of his sentence.  On July 9, 2008, the Legal Claims Adjudicator issued a First Step Response advising Davis that the time sheet was correct.  The response further instructed Davis that if he was not satisfied with the response, he could pursue his claim by completing the second step of the ARP process.  The Respondent contends, and Davis does not dispute, that he failed to file a second step request.  As a result, Davis defaulted on his opportunity to appeal the ARP's denial of his claim in the Mississippi courts.  *See* Miss. Code Ann. 47-5-803(2).  Respondent contends, and Petitioner does not dispute, that Petitioner has not attempted to challenge the calculation of his sentence in state court.  Because Davis failed to fulfill his administrative remedies and did not seek review of the issue in state court, he has failed to exhaust his state remedies and is therefore procedurally barred from pursuing his claim in federal court.  *See Sones*, 61 F.3d at 415-16.  The claim should therefore be dismissed.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842-45 (1999).

The Court may still reach the merits of Petitioner's claim despite the procedural bar if

Petitioner can show cause for the non-exhaustion and prejudice, or if he can show that the Court's failure to consider the merits of Petitioner's claim will result in a fundamental miscarriage of justice. *Morris v. Dretke*, 413 F.3d 484, 491-92 (5th Cir. 2005). Davis offers no explanation for his failure to pursue the ARP process to its completion and for his failure to seek review of the issue in state court. Therefore, the undersigned finds that Petitioner cannot demonstrate cause for his failure to exhaust. Moreover, Petitioner cannot demonstrate a fundamental miscarriage of justice because he does not contend that he is actually innocent of the underlying conviction. *See Hughes v. Quarterman*, 530 F.3d 336, 341-42 (5th Cir. 2008). Because Petitioner has failed to exhaust state remedies, the undersigned will forego any discussion of the underlying merits of the § 2254 petition.

Petitioner also filed a [55] Motion for Relief in which he seeks immediate release plus (1) damages in the amount of $125 for each working day that he has been wrongfully incarcerated; (2) payment of all medical and dental care for one year; (3) payment to rent a car and apartment for one year; and (4) $4.8 million for pain, suffering, and mental and emotional stress. In essence, Petitioner is seeking compensation for what he claims is a wrongful incarceration. Davis' § 2254 habeas petition is not the proper vehicle for seeking compensatory damages for wrongful incarceration. The undersigned recommends the denial of this motion.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Davis' § 2254 petition be dismissed for failure to exhaust administrative remedies, and that Davis' [55] Motion for Relief be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within ten (10) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties.  A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed **factual findings and legal conclusions** accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 22nd day of October, 2008.

                                                s/ *Robert H. Walker*
                                                UNITED STATES MAGISTRATE JUDGE